IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM JOHNSON,

        **Plaintiff,**

        v.                                        CASE NO. 25-3093-JWL

**JOHNSON COUNTY, KANSAS,**
**BOARD OF COMMISSIONERS,**
**et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, his claims are based on his detention at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court granted Plaintiff leave to proceed in forma pauperis. On June 2, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until July 2, 2025, to respond and show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court extended the response deadline to August 4, 2025. (Doc. 8.) Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that he was formally assigned to super-max custody at the JCADC in January 2019, and that his assignment was based on his race. (Doc. 1, at 3.) Plaintiff then alleges that Defendants imposed the restrictive conditions of his housing assignment based on the nature of his current charges and past convictions, to extort guilty pleas, and to fill bed space rather than for any legitimate disciplinary or safety reason. *Id*. Plaintiff was discharged from custody in June 2023. *Id*.

1

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff's alleged violations occurred around January to March of 2019. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff's housing assignment and the restrictions associated with that classification, as well as the 30 and 90-day review procedures, should have been apparent to Plaintiff around January to April of 2019.

The Court also found in the MOSC that even if Plaintiff's claims are not barred by the statute of limitations, he fails to state a valid claim for relief. "The transfer or housing of a pretrial detainee 'to less amenable and more restrictive quarters for nonpunitive reasons' does not constitute punishment in violation of the Due Process Clause." *Phillips v. United States*, 2022 WL 705335, at *3 (D. Kan. 2022) (citation omitted). "Placement of a pretrial detainee for managerial purposes, and not for punishment, does not trigger a due process requirement." *Id*. (citation omitted). Plaintiff has failed to allege that the restrictions are not reasonably related to the institution's interest in maintaining jail security and management.

The Court also found that Plaintiff failed to state an equal protection claim. Plaintiff failed to allege that other inmates were similarly situated in every material respect. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (citation omitted).

The Court found that Plaintiff alleged a "civil conspiracy" without explanation.  Plaintiff failed to allege a conspiracy or to assert factual allegations in support of a conspiracy claim.  To state a claim for conspiracy, a plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice." (Doc. 5, at 13.)  Plaintiff has failed to respond to the Court's MOSC and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.[1]

**IT IS SO ORDERED**.

**Dated August 7, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[1] A dismissal as time-barred is for failure to state a claim and is a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).